IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : | HON. JEROME B. SIMANDLE |
| | : | Civil No. 08-3051 (JBS/JS) |
| Plaintiff, | : | |
| v. | : | **<u>MEMORANDUM OPINION</u>** |
| CHRISTINA GEGENHEIMER, et al., | : | |
| Defendants. | : | |

**SIMANDLE**, District Judge:

This matter is before the Court upon a motion for summary judgment filed by Defendant Michele L. Gegenheimer against Defendant Christina Gegenheimer in this interpleader action [Docket Item 24]. THIS COURT FINDS AS FOLLOWS:

1. On June 18, 2008, Plaintiff Prudential Insurance Company of America brought this interpleader action pursuant to Rule 22(a)(1), Fed. R. Civ. P., against Defendants Christina Gegenheimer, Michele L. Gegenheimer, Emily Hogan and Tina L. Miller, seeking to resolve the dispute over the life insurance of the late Frederick T. Gegenheimer. On January 12, 2009, the Court ordered Plaintiff to deposit the contested benefits of Mr. Gegenheimer's life insurance policy, plus interest, with the Court and granted Plaintiff's unopposed motion for summary judgment discharging it from any and all liability [Docket Items 17 & 18]. On that same date, the Court granted Plaintiff's

unopposed motion for default judgment against Defendant Tina L. Miller [Docket Item 18].

2.  The sole remaining parties to this action are Christina Gegenheimer ("Mrs. Gegenheimer"), who is Mr. Gegenheimer's widow, Michele L. Gegenheimer ("Michele Gegenheimer"), who is daughter of Emily Hogan and Mr. Gegenheimer, and Emily Hogan ("Ms. Hogan"), who is Mr. Gegenheimer's former wife.  Both Ms. Hogan and Michele Gegenheimer maintain that Mr. Gegenheimer's life insurance benefits should go to Michele Gegenheimer.[1]  Mrs. Christina Gegenheimer maintains that she is entitled to the benefits.

3.  The Court will briefly set forth the undisputed facts. It is undisputed that Ms. Hogan and Mr. Gegenheimer, as part of their Final Judgment of Divorce, dated May 16, 2001, entered into a Spousal Agreement/Property Settlement Agreement ("PSA"), dated May 2, 2001, that included the following provision: "Husband shall maintain in effect the present life insurance through his employment which is three times his salary, naming Michele as the beneficiary and Wife and Tina Leigh Miller as the co-trustees irrevocably until Michele becomes emancipated."  (Hogan

---

[1] On December 9, 2008, the Court granted Plaintiff's motion to appoint Emily Hogan as guardian ad litem for Michele Gegenheimer, who was then a minor [Docket Item 13].  As remaining parties agree that Michele is now eighteen and does not require a guardian.  The Court vacate Ms. Hogan's status as guardian ad litem and dismiss her as a party, for she makes no independent claim in this action.

Certification Exh. A.)  There is no order modifying the PSA.  It is further undisputed that on June 23, 2005, Mr. Gegenheimer, who was then retired, made Mrs. Gegenheimer the beneficiary of the life insurance policy maintained by Prudential and in dispute here.  (Slomko Certification, Exh. C; Hogan Certification ¶ 13; Christina Gegenheimer Certification ¶ 4.)  Mr. Gegenheimer died on December 19, 2007, while his daughter Michele was still a minor. (Slomko Certification, Exh. D.)

4.  Joyce Slomko, a senior claims examiner for Prudential, describes the Prudential Group Contract at issue here (number G-14800-NJ) as a policy that "insured all eligible active and former members of the Public Employees' Retirement Systems of New Jersey." (Slomko Certification ¶¶ 2-3.)  Ms. Slomko explains that Mr. Gegenheimer enrolled in the Group Contract sometime in 1994, at which point he designated Emily Gegenheimer (now Hogan) the primary beneficiary. (Id. ¶ 4, Exh. A.)  On June 23, 2005, he "executed a beneficiary form designating Christina [Gegenheimer] as the sole primary beneficiary." (Id. ¶¶ 4, 6, Exhs. A & C.)  "At the time of his death, [Mr. Gegenheimer] was a retired member under the Group Contract and was entitled to death benefits in the amount of $10,284.49[]." (Id. ¶ 8.)  Similarly, Prudential's schedule of benefits for "[a]ll eligible active and former Members of the Public Employees' Retirement System of the State of New Jersey" lists multiple classes, which include

3

members in active service as well as retired members.  (Compl.
Exh. A.)  The Group Contract is held by the State Treasurer of
New Jersey.  (Id.)

5.  Michele Gegenheimer, relying on Prudential's
documentation, maintains that the policy in dispute here (despite
some change in the level of benefits) is the same as the policy
that Mr. Gegenheimer was required to maintain for her benefit
under the PSA.  Christina Gegenheimer argues that the policy is
not the same, because once Mr. Gegenheimer retired his status
under the policy changed.  (Gegenheimer Certification ¶ 2.)  Mrs.
Gegenheimer justifies her late husband's decision to alter the
policy by stating: "My late husband designated myself as
beneficiary of the $10,000 Prudential life insurance policy with
the knowledge that he had more than adequately financially
provided for his minor daughter, Michele . . ."  (Hogan
Certification, Exh. C.)  Michele Gegenheimer has moved for
summary judgment against Mrs. Gegenheimer and asks the Court to
order the disputed funds to be distributed to her.

6.  Summary judgment is appropriate when the materials of
record "show that there is no genuine issue as to any material
fact and that the moving party is entitled to judgment as a
matter of law."  Fed. R. Civ. P. 56(c).  In deciding whether
there is a disputed issue of material fact, the court must view
the evidence in favor of the non-moving party by extending any

reasonable favorable inference to that party; in other words,
"the nonmoving party's evidence 'is to be believed, and all
justifiable inferences are to be drawn in [that party's] favor.'"
Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold
inquiry is whether there are "any genuine factual issues that
properly can be resolved only by a finder of fact because they
may reasonably be resolved in favor of either party."  Liberty
Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining
Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

7.  New Jersey law governs this life insurance dispute.  It
is well-established that a beneficiary (either a spouse or a
child) of an insured's obligation, set forth in a divorce decree,
to maintain a life insurance policy is entitled to receive those
life insurance proceeds even where the insured attempts to change
the beneficiary.  See Travelers Ins. Co. v. Johnson, 579 F. Supp.
1457, 1460-63 (D.N.J. 1984) (beneficiary to divorce agreement to
maintain life insurance on their behalf has a superior right to
life insurance proceeds), cited with approval by SMA Life Assur.
Co. v. Piller, 846 F.2d 916, 919 (3d Cir. 1998); Prudential Ins.
Co. v. Prashker, 493 A.2d 616 (N.J. Super. Ct. App. Div. 1985)
(same); Konczyk v. Konczyk, 843 A.2d 1190 (N.J. Super. Ct. Ch.
Div. 2003) (beneficiary to divorce agreement to maintain life
insurance on their behalf has equitable interest in that life

insurance).  Thus, if Michele Gegenheimer is correct and Mr.
Gegenheimer was required under the terms of her parents' divorce
decree to maintain the present disputed life insurance policy for
her benefit, Michele would be entitled to the benefits of that
insurance policy despite Mr. Gegenheimer's attempt to change the
beneficiary.  See Travelers, 579 F. Supp. at 1460-63; Prashker,
493 A.2d 616; Konczyk, 843 A.2d 1190.  As compared to Mrs.
Christina Gegenheimer, Michele would have "a superior right,
frequently referred to as a vested equitable interest, in the
insurance policy."  Travelers Ins., 579 F. Supp. at 1460.

8.  The sole question is whether the Prudential life
insurance policy at issue here, G-14800-NJ, was "the present life
insurance through his employment" when Mr. Gegenheimer signed the
PSA and entered into the divorce decree in May 2001.  The Court
holds that no reasonable fact-finder could find that the disputed
life insurance policy is anything other than the life insurance
policy in existence in 2001.  Ms. Slomko explained that Mr.
Gegenheimer enrolled in the Group Contract in 1994 and that the
same group life insurance policy covered both active and retired
employees.  Prudential's records confirm that the Group Contract
covered multiple classes of individuals and though the amount of
benefits might change on retirement, the Group Contract remains
the same and is still held by Mr. Gegenheimer's employer, the
State of New Jersey.  Consequently, Mr. Gegenheimer was obligated

under the PSA and the divorce decree to keep Michele Gegenheimer as the beneficiary of his G-14800-NJ Group Contract life insurance policy and she is entitled to the $10,284.49 in life insurance proceeds.

9.   The Court is not convinced by Mrs. Gegenheimer's arguments to the contrary.  The Court finds that no reasonable fact-finder could agree with her interpretation of the change in her husband's life insurance policy -- namely, no fact-finder could conclude that the decrease in benefits due to his retirement made it a different life insurance policy.  Mrs. Gegenheimer does not contest the facts as set forth in Ms. Slomko's affidavit or in the Prudential records and her characterization of the changes to the policy (suggesting that it somehow created a new policy not bound by the PSA) is contrary to these undisputed facts.  In fact, she appears to acknowledge that the policy continued, but instead justifies the change in beneficiary, when she states that Mr. Gegenheimer "designated [her] as beneficiary of the $10,000 Prudential life insurance policy with the knowledge that he had more than adequately financially provided for . . . Michele."  (Hogan Certification, Exh. C.)  Mr. Gegenheimer's motivation for making the beneficiary change is, unfortunately for Mrs. Gegenheimer, irrelevant to the question presented to the Court.  Mr. Gegenheimer was bound by the divorce decree, and Michele Gegenheimer was entitled to an

equitable interest in the life insurance proceeds, unless and until Mr. Gegenheimer obtained a court order altering the PSA. See Travelers Ins., 579 F. Supp. at 1460.  No such order was obtained.  Consequently, Michele retained her equitable interest in Mr. Gegenheimer's Prudential Group Contract life insurance policy number G-14800-NJ at the time of his death in 2007 while Michele was a minor.  Since he was bound by the divorce decree, Mr. Gegenheimer's attempt to designate Christina Gegenheimer as a new beneficiary upon this policy is null and void.

10.  For the foregoing reasons, the Court will grant Defendant Michele Gegenheimer's motion for summary judgment against Defendant Christina Gegenheimer and order that the funds deposited by Plaintiff Prudential Insurance Company of America be distributed to Michele Gegenheimer.  The Court will further dismiss Defendant Emily Hogan as a party and terminate this action.

11.  The accompanying Order shall be entered.


 **January 15, 2010**                          **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               United States District Judge

8